B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Ronald E. Stadtmueller, Chapter 7 Trustee | Google, LLC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| SULLIVAN HILL REZ & ENGEL, APLC<br>James P. Hill, SBN 90478 \| Gary B. Rudolph, SBN 101921<br>Kathleen A. Cashman-Kramer, SBN SBN 128861<br>600 B Street, Suite 1700 \| San Diego, CA 92101<br>Phone No. (619) 233-4100 \| Fax No.: (619) 231-4372 | |

**PARTY** (Check One Box Only)

| | |
|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other |
| ☑ Trustee | |

**PARTY** (Check One Box Only)

| | |
|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☑ Other |
| ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To avoid and recover preferential transfers

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☑ 12 - Recovery of money/property - § 547 preference
- ☐ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 59,954.77 |

Other Relief Sought

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>IntegratedMarketing.com, dba Roni Hicks & Associates | | BANKRUPTCY CASE NO.<br>19-04688-CL7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Hon. Christopher B. Latham |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Kathleen A. Cashman-Kramer | |
| DATE<br>March 16, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kathleen A. Cashman-Kramer |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

SULLIVAN HILL REZ & ENGEL            **Electronically Filed:  5/18/2020**
A Professional Law Corporation
 James P. Hill, SBN 90478
 Gary B. Rudolph, SBN 101921
 Kathleen A. Cashman-Kramer, SBN 128861
600 B Street, Suite 1700
San Diego, California 92101
Telephone:  (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Plaintiff, Ronald E. Stadtmueller, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | CASE NO. 19-04688-CL7 |
| INTEGRATEDMARKETING.COM, dba RONI HICKS & ASSOCIATES, | Chapter 7 |
| | Adv. Pro. No. |
| Debtor. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM** |
| RONALD E. STADTMUELLER, Chapter 7 Trustee | |
| Plaintiff, | |
| v. | |
| GOOGLE, LLC, | |
| Defendant. | Dept.:5 |
| | Hon. Christopher B. Latham |

Comes now Plaintiff Ronald E. Stadtmueller ("Plaintiff" or "Trustee"), the Chapter 7 Trustee of the bankruptcy estate ("Estate") of IntegratedMarketing.com dba Roni Hicks & Associates ("Debtor"), and alleges as follows:

/ / /
/ / /
/ / /
/ / /
/ / /

408534-v1                              - 1 -

# I.

## PARTIES

1.    On August 2, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code")[1] in the U.S. Bankruptcy Court for the Southern District of California ("Court"), initiating the Chapter 11 case entitled In re IntegratedMarketing.com dba Roni Hicks & Associates, Case No. 19-04688-LA7 ("Bankruptcy Case"). Thereafter, on November 4, 2019 the case was converted to Chapter 7, and Ronald E. Stadtmueller was appointed Chapter 7 Trustee of the Estate.

2.    Plaintiff is informed and believes and thereon alleges that defendant Google, LLC ("Defendant"), is a Delaware corporation and at all times alleged herein was authorized to, and was conducting business in, California.

# II.

## JURISDICTION

3.    This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, as well as General Order 312-E of the U.S. District Court for the Southern District of California. This action is commenced pursuant to Sections 547, 550, and 551, and Rule 7001(1).

4.    This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to 28 U.S.C. § 157(b)(1) and (2). This proceeding relates to the underlying Bankruptcy Case and is a core proceeding as set forth in 28 U.S.C. §§ 157(b)(1) and (2)(A), (E), (F), and (O) in that it seeks to avoid and recover preferential transfers under Sections 547, 550, and 551, which affect the administration and liquidation of assets of the Estate.

5.    Pursuant to Rule 7008, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

---

[1] Unless otherwise indicated, all "Chapter" and "Section" references are to the Bankruptcy Code and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

6.      Pursuant to Local Bankruptcy Rule 7008-1, if the Court determines this proceeding is a core proceeding, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

## FIRST CLAIM FOR RELIEF

(To Avoid and Recover Preferential Transfers)

7.      Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 6, inclusive, as though fully set forth herein.

8.      Plaintiff is informed and believes and thereon alleges that within the 90 days immediately preceding the Petition Date, the Debtor transferred to the Defendant the following approximate amounts on or about the following dates, for a total of $59,954.77 ("Transfers") transferred to the Defendant:

| Approximate Date | Approximate Amount |
|---|---|
| June 1, 2019 | $  33,428.95 |
| July 1, 2019 | $  26,525.82 |
| **Total:** | **$  59,954.77** |

9.      Plaintiff is informed and believes and thereon alleges that the Transfers were made to or for the benefit of the Defendant, a creditor of the Debtor.

10.     Plaintiff is informed and believes and thereon alleges that the Transfers were made for or on account of an antecedent debt owed by the Debtor before such Transfers were made.

11.     Plaintiff is informed and believes and thereon alleges that the Transfers were made while the Debtor was insolvent.

12.     Plaintiff is informed and believes and thereon alleges that the Transfers enabled the Defendant to receive more from the Estate than it would receive as a creditor if (1) the bankruptcy case were a Chapter 7 case, (2) the Transfers had not been made, and (3) the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

13.     Plaintiff is informed and believes and thereon alleges that other payments

or transfers may have been made to the Defendant on or within the 90 days immediately preceding the Petition Date.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him.

14.    Pursuant to Section 547, Plaintiff may avoid the Transfers.

15.    Pursuant to Section 550(a), to the extent that a transfer is avoidable under Section 547, Plaintiff may recover the value of the property transferred from the initial transferee of such transfer, or the entity for whose benefit the transfer is made, or any immediate or mediate transferee of such initial transferee.

## SECOND CLAIM FOR RELIEF

### (Objection to Claim)

16.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 15, inclusive, as though fully set forth herein.

17.    Defendant filed a proof of claim for $47,890.70 in this case on January 16, 2020 as claim no. 33-1 (the "Claim").

18.    The Trustee objects to the Claim pursuant to Sections 502 and Rule 3007 and Section 502(d), as the Court shall disallow any claim of an entity from which property is recoverable under Section 550 or any claim of a transferee avoidable under Section 549, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under 550.

19.    Until such time as Defendant repays to the Plaintiff and the Chapter 7 estate the total amount of the preferential transfers as set forth in this Complaint, Defendant's Claim must be disallowed.

## PRAYER

WHEREFORE, Plaintiff respectfully requests the entry of judgment as follows:

1.    Under the First Claim for Relief:

a.    For a determination that the Transfers may be avoided and for recovery from Defendant, the entity for whose benefit the Transfers were made,

or any immediate or mediate transferee of Defendant, of the property transferred or the value of such property, in an approximate amount of $59,954.77, subject to proof at trial, together with interest as allowed by law from the date of each transfer;

2.    Under the Second Claim for Relief:

a.    Disallowance of any and all claims of Defendant Google, including the above-defined Claim, to the extent that the Court avoids the transfers set forth herein.

3.    Under both Claims for Relief:

a.    For reasonable attorneys' fees and costs incurred herein, to the extent available; and

b.    For such other and further relief as this Court may deem just and proper.

Dated: May 18, 2020

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By:    */s/ Kathleen A. Cashman-Kramer*
James P. Hill
Gary B. Rudolph
Kathleen A. Cashman-Kramer
Attorneys for Plaintiff, Ronald E.
Stadtmueller, Chapter 7 Trustee

408534-v1                                          - 5 -